UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

GILBERTO MÁRQUEZ-REYES,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 14-1549 (JAF)

(Crim. No. 03-135-3)

**OPINION AND ORDER**

Petitioner Gilberto Márquez-Reyes ("Márquez-Reyes") comes before the court with a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed in Criminal No. 03-135-3. (Docket No. 1.) For the following reasons, we deny his petition.

It has become common practice to collaterally challenge federal convictions in federal court by raising arguments of dubious merit. This practice is overburdening federal district courts to the point of having some of these criminal cases re-litigated on § 2255 grounds. We look at this matter with respect to the rights of litigants, but also must protect the integrity of the system against meritless allegations. *See Davis v. U.S.*, 417 U.S. 333, 346 (1974) (in a motion to vacate judgment under § 2255, the claimed error of law must be a fundamental defect which inherently results in a complete miscarriage of justice); *see also Dirring v. U.S.*, 370 F.2d 862 (1st Cir. 1967) (§ 2255 is a remedy available when some basic fundamental right is denied—not as vehicle for routine review for defendant who is dissatisfied with his sentence). Márquez-Reyes continues to raise the same claim time and again hoping for a different result.

# I.

## **Background**

Márquez-Reyes was indicted on May 8, 2003, and his guilty plea was accepted on September 30, 2004.  (Crim. No. 03-135-3, Docket Nos. 2, 137, 138, 142.)  Márquez-Reyes pleaded guilty to a drug conspiracy charge in violation of 21 U.S.C. § 841(a)(1) and 846, and was sentenced to one hundred and thirty (130) months imprisonment. (Crim. No. 03-135-3, Docket No. 215).  The judgment,

> contained a provision purporting to require that his sentence be served first, and that he then be returned to the Puerto Rico prison system to serve the balance of his earlier Puerto Rico sentence for second-degree murder and weapons violations. Later, an administrative official discovered that, in order for [Márquez-Reyes] to serve his federal sentence first, the Commonwealth of Puerto Rico would have to relinquish jurisdiction specifically, which it declined to do.

 (Appeal No. 08-2032; Crim. No. 03-135-3, Docket No. 402).  Therefore, judgment was amended "revising the sequencing statement to a recommendation rather than a directive." *Id.*

Márquez-Reyes appealed the amended judgment.  On December 29, 2009, the First Circuit dismissed Márquez-Reyes' appeal, writing that "the defendant's appeal is untimely and he has not articulated any credible reason for its untimeliness or why he should be relieved of the bar created by Rule 4(b)." *Id.*  Márquez-Reyes wrote a petition for certiorari. On June 28, 2010, the Supreme Court denied his petition. *Marquez-Reyes v. U.S.*, 130 S. Ct. 3525 (2010).

On August 23, 2010, Márquez-Reyes filed a motion to compel specific performance of the plea agreement, asking that we "order that Marquez's sentence be effectively concurrent with the state sentence which already has been served, execution

of the sentence be considered served, and he be immediately placed on supervised release for a period of two years." (Crim. No. 03-135-3, Docket No. 404.)  We denied this motion on October 19, 2010, stating that "Judge Laffitte and the Government lived to Defendant's expectations in the Plea Agreement.  The sentences imposed were in conformity thereof." (Crim. No. 03-135-3, Docket No. 407.)  Márquez-Reyes appealed our order.  On October 25, 2011, the First Circuit affirmed.  (Appeal No. 10-2452; Crim. No. 03-135-3, Docket No. 407.)

On February 11, 2013, Márquez-Reyes filed a motion to amend or correct the amended judgment, pursuant to Rule 60(a).  (Crim. No. 03-135-3, Docket No. 439.)  We ordered the Bureau of Prisons to review the time calculations and to inform the court "what time has been credited, what time has not been credited, and the reasons for these actions." (Crim. No. 03-135-3, Docket No. 439.)  On April 2, 2013, we filed the Bureau of Prisons' response and the declaration of an analyst, with all copies notified to Márquez-Reyes.  (Crim. No. 03-135-3, Docket No. 443.)  On January 21, 2014, Márquez-Reyes filed a motion requesting the status of the case, in response to which we sent him all the previous documents. (Crim. No. 03-135-3, Docket Nos. 447, 448.)

On July 10, 2014, Márquez-Reyes filed the instant motion to vacate his sentence under 28 U.S.C. § 2255.  (Docket No. 1.)

## II.

## Jurisdiction

Márquez-Reyes is currently in federal custody, having been sentenced by this district court.  To file a timely motion, Márquez-Reyes had one year from the date his judgment became final. 28 U.S.C. § 2255(f).  The Supreme Court denied his petition for a writ of certiorari on June 28, 2010, and a petition for rehearing needed to be filed within

twenty-five days after the order of denial. SUP. CT. R. 44; *Marquez-Reyes v. U.S.*, 130 S. Ct. 3525 (2010). Therefore Márquez-Reyes' judgment became final on June 23, 2010, and he had until July 23, 2011, to file a petition under 28 U.S.C. § 2255. Because Márquez-Reyes did not file until July 10, 2014 – nearly three years past the deadline – we lack jurisdiction and must deny his petition.

## III.

## Analysis

Even if Márquez-Reyes' petition were not time-barred, we would still need to deny his petition because his claims have already been adjudicated by the First Circuit Court of Appeals. The First Circuit affirmed the District Court's revision of the sentencing statement. (Appeal No. 08-2032; Crim. No. 03-135-3, Docket No. 402.) Márquez-Reyes petitioned for certiorari, but the Supreme Court denied his petition. *Marquez-Reyes v. U.S.*, 130 S. Ct. 3525 (2010). Márquez-Reyes then moved to compel specific performance, effectively demanding the non-revised sentence. He appealed our denial of this motion, and the First Circuit again affirmed our order. (Appeal No. 10-2452; Crim. No. 03-135-3.) The First Circuit has held that when an issue has been disposed of on direct appeal, it will not be reviewed again through a § 2255 motion. *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (citing *Dirring v. United States*, 370 F.2d 862, 863 (1st Cir. 1967)). The Supreme Court has also held that if a claim "was raised and rejected on direct review, the habeas court will not readjudicate it absent countervailing equitable considerations." *Withrow v. Williams*, 507 U.S. 680, 721 (1993).

## IV.

## **Rule 60(a) Motion**

On February 11, 2013, Márquez-Reyes filed a motion to amend or correct the amended judgment, pursuant to Rule 60(a). He asked this court to "re-issue its September, 30, 2004 judgment with a clarification/correction of the actual sentence imposed by this Court." (Crim. No. 03-135-3, Docket No. 439.) We ordered the Bureau of Prisons to review the time calculations and inform the court "what time has been credited, what time has not been credited, and the reasons for these actions." (Crim. No. 03-135-3, Docket No. 439.) On April 2, 2013, we filed the Bureau of Prisons' response and the declaration of an analyst, with all copies notified to Márquez-Reyes. (Crim. No. 03-135-3, Docket No. 443.) On January 21, 2014, Márquez-Reyes filed a motion requesting the status of the case, in response to which we sent him all the previous documents. (Crim. No. 03-135-3, Docket Nos. 447, 448.)

We believe that our prior response was incomplete. We now formally deny Márquez-Reyes' motion based both upon the information filed by the Bureau of Prisons and the reasoning already set forth in this opinion.

## V.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA").

We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Márquez-Reyes has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Márquez-Reyes may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Márquez-Reyes' § 2255 motion (Docket No. 1). We also formally **DENY** Márquez-Reyes' Rule 60(a) motion (Crim. No. 03-135-3, Docket No. 439). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Márquez-Reyes is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 17th day of September, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE